IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIANE RAYMOND and PATRICK RAYMOND,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM J. HART and PAMELA S. HART, and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00350-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 20.) This case involves a dispute over certain real property located in Park City, Utah. (*See* ECF No. 13.) Presently before the court is Defendants' Motion for Leave to File Supplemental Pleading. (ECF No. 32.) For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## II. ANALYSIS

### a. Summary of the parties' arguments

Defendants seek leave to file a supplemental answer and counterclaim because Plaintiffs caused an amended lis pendens to be filed against Defendants' property in May 2016. (ECF No. 32.) Defendants argue that the May 2016 conduct is a continuation of Plaintiffs earlier alleged improper interference with Defendants' property as described in Defendants Answer to Amended Complaint and Amended Counterclaim. (*Id.*) Defendants argue the May 2016 misconduct should be addressed in this action. (*See id.*)

Plaintiffs indicate that on June 6, 2016, they released the lis pendens in question. (ECF No. 40.) Accordingly, Plaintiffs argue that the proposed wrongful-lien claim has been mooted and Defendants' motion should therefore be denied as futile. (*Id.*)

   b. **Legal standard**

With leave of court, a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Leave to file "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

   c. **The court finds no good reason to deny filing of the supplemental pleading**

Defendants moved promptly to supplement their pleading and Plaintiffs' have not shown any good reason to deny Defendants leave to file the supplemental pleading. Defendants' filed their Answer to the Amended Complaint and Amended Counterclaim on July 8, 2015. (ECF No. 14.) The proposed supplemental pleading addresses events that began in May 2016. Thus, Defendants' proposed pleading sets forth a transaction, occurrence, or event that happened after their answer and counterclaim was filed.

Plaintiffs argue that Defendants' motion to supplement should be denied because the proposed pleading sets forth a claim that would be futile. (ECF No. 40.) To support their argument, Plaintiffs cite a Utah Supreme Court case that suggests a motion to amend filed pursuant to Utah Rule of Civil Procedure 15(a) may be denied on the grounds of futility. While the outcome is the same under either standard, the federal rules provide the binding authority for procedural matters. *See Johnson v. Dash*, No. 12-2400, 2013 WL 2903432, at *2 (D. Colo. June 14, 2013) ("The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."); *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1204 (10th Cir. 2006) (noting that, in a diversity-jurisdiction case, a motion to amend pursuant to Federal Rule of Civil Procedure 15 may be denied for various reasons, including futility).

Plaintiffs' opposition is unpersuasive because they have not undertaken any analysis of the alleged futility. Plaintiffs indicate that they released the amended lis pendens on June 6, 2016. Plaintiffs conclude that this release renders Defendants' proposed counterclaim futile. Plaintiffs cite no authority for this proposition and offer no legal analysis beyond this bare conclusion. As a matter of logic, the court sides with Defendants' argument in reply that they are entitled to recover damages for the temporary period during which their title was allegedly improperly clouded. Thus, the court does not find any good reason to deny Defendants' motion.

### III. ORDER

For the reasons analyzed above, the court **GRANTS** Defendants' Motion for Leave to File Supplemental Pleading. (ECF No. 32.) Defendants shall file their supplemental answer with supplemental counterclaim within fourteen (14) days of this order.

Dated this 23rd day of June 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge